**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ESCANNET, et. al.,

                Plaintiffs,

   v.

SALVADOR CHAVEZ, et. al.,

            Defendants.

_____/

No. C 04-02935 SI

**ORDER RE: DISCOVERY (SUBPOENA TO WELLS FARGO BANK)**

     By letter briefs,[1] the parties have brought before the Court a dispute regarding the scope of defendants' March 14, 2005 subpoena <u>duces</u> <u>tecum</u> directed to Wells Fargo Bank, N.A.

     On March 14, 2005, defendants subpoenaed all documents dated between January 1, 2002 and December 31, 2002, relating to a certain Wells Fargo Bank account held by plaintiff Arthur V. Pearson. The factual basis for the subpoena of Mr. Pearson's personal bank account is defendants' allegation that Escannet was controlled by Mr. Pearson to such an extent that the principles of alter ego attach. The parties have since agreed to limit the scope of the subpoena to all bank statements for the period between January 1, 2001 and December 31, 2002, and all checks and deposits between July 1, 2001 and February 28, 2002. However, plaintiffs still contend that the subpoena remains overbroad and compromises Mr. Pearson's privacy rights. Thus, the parties seek a ruling on the appropriate scope of the subpoena and dispute whether <u>in camera</u> review of the documents is now appropriate.

///

---

    [1] Plaintiffs submitted their brief on April 22, 2005; defendants submitted their opposition on April 30, 2005; and plaintiffs filed their reply on June 9, 2005. Defendants also submitted a follow-up letter on June 9, 2005. The Court considers all of these submissions in deciding this issue.

**1.     Bank statements**

Defendants seek production of Mr. Pearson's bank statements for the period of January 1, 2001 through December 31, 2002, for in camera review.  Defendants contend that the statements in this period are relevant to whether or not Escannet had funds available for its operations based on the representations plaintiffs made to defendants.  Plaintiffs ask the Court to limit the discovery to bank statements for the period between July 1, 2001 and January 31, 2002, which it will produce to defendants without in camera review so long as the documents are designated "Confidential–Attorney's Eyes Only."[2]  Plaintiffs contend that bank statements prior to July 1, 2001, are irrelevant to the claim of misrepresentation of funds because the alleged representation was made to defendants between August and October 2001, and that bank statements after January 31, 2002, are also irrelevant because Escannet's operations ceased on January 2, 2002.

The Court finds the plaintiffs' request to limit the scope of the bank statements to the period of July 1, 2001 through January 31, 2002, to be reasonable.  Bank statements from July 1, 2001, will show whether Mr. Pearson had funds in this account based on the representations he made to defendants in August 2001.  Because Escannet ceased operations on January 2, 2002, at the latest,[3] statements after January 31, 2002, are not relevant to the issue of whether the company had operating funds available.  The Court ORDERS plaintiffs to produce bank statements for the period between July 1, 2001 and January 31, 2002, to defendants designated as "Confidential–Attorney's Eyes Only."

**2.     Checks and deposits**

Defendants and plaintiffs have agreed that the relevant period for checks and deposits is July 1, 2001 through February 28, 2002.  Defendants request in camera review of these documents to determine which ones are discoverable.  Plaintiffs ask the Court to allow plaintiffs' counsel to review all checks written on the account for this period to determine which checks are related to the business operations of Escannet, at which point plaintiffs will produce those checks to defendants.  According to plaintiffs, the Court would be unable to

---

[2] Designation of documents as "Confidential–Attorney's Eyes Only" is provided by the November 14, 2004 Confidentiality Order approved by this Court.

[3] Defendants assert that Escannet was closed down effective November 30, 2001; plaintiffs contend that the company continued to operate until January 2, 2002.  See Defs.' Apr. 30, 2005 Letter Br. at 2.

United States District Court

For the Northern District of California

1    determine which checks were written to or from individuals or entities doing business with Escannet.  Plaintiffs

2    also seek to exclude deposits from the scope of the subpoena, contending that the end-of-month bank

3    statements are sufficient to show any deposits made into Mr. Pearson's account.  Defendants object that the

4    checks, as well as deposits of Escannet-related loans or revenues, are proof that Escannet is an alter ego of

5    Mr. Pearson.

6          The Court is persuaded that plaintiffs' counsel is in a better position to review deposits from Mr.

7    Pearson's account for the agreed-upon dates, and that in camera review would not be productive.  This Court

8    ORDERS plaintiffs' counsel and Mr. Pearson to review Mr. Pearson's account for the period of July 1, 2001

9    through February 28, 2002, and to produce: (1) all deposits related to Escannet loans or revenues, (2) all

10    checks that have been made payable to the list of payees provided in defendants' letter of June 9, 2005,[4] and

11    (3) any and all other checks that have been written on behalf of Escannet, for Escannet-related business, or

12    from individuals or entities doing business with Escannet.  The Court expects that plaintiff and plaintiffs' counsel

13    with be forthright and responsive in producing the above documents to defendants.

14          The review and production of documents must be completed **on or before August 31, 2005.**

16    **IT IS SO ORDERED.**

18    Dated: August 23, 2005

20                          SUSAN ILLSTON
                             United States District Judge

---

[4] Defendants' letter of June 9, 2005, requests all checks made payable to the following: Salvador (Sal) Chavez, Jesse L. Yepez-Patterson (aka Jesse Patterson), Michael J. Romero, Anya Nikulina (aka Anna Nikulina), Silkroad Software & Services, Inc. (SRS2), Daniel (Dan) Leon, Linette Zanona, Josh Sobeck, Salesforce.com, Doug Morriss, Salesforce Automation Service, and EMC Mortgage Company.