IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESCANNET, et al., | No. C 04-02935 SI |
| Plaintiffs, | **ORDER RE: DISCOVERY (NON-RETAINED EXPERT DISCLOSURES)** |
| v. | |
| SALVADOR CHAVEZ, et al., | |
| Defendants. | |

The parties have submitted letter briefs[1] regarding whether defendants must file expert reports as described in Federal Rule of Civil Procedure 26(a)(2)(B) for eight non-retained experts. All of these experts "are either individual defendants or are officers and/or employees of the corporate defendants." Pl.'s Letter Br. at 1. Defendants argue that the Federal Rules do not require these experts to file reports because they do not fall within the two groups of experts identified in Rule 26, and that requiring them to produce full expert reports would cause an unnecessary burden. Plaintiffs contend that, without these expert reports, they have "no way of knowing who to designate in rebuttal to the currently unknown opinions of defendants' non-retained experts." Id. at 2.

Following the initial disclosure of experts, FRCP 26(a)(2)(B) provides:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.

The plain language of the rule contemplates a potential class of experts who do not need to be accompanied by a written report: those who are neither "retained" nor "specially employed to provide expert testimony." One district court has reasoned that, because FRCP 23(a)(2)(B) identifies two specific classes of experts that

---

[1] Pl.'s Letter Br. submitted on July 14, 2005; Defs.' Letter Br. filed July 15, 2005; Pl.'s Reply filed July 20, 2005.

need to comply with the report requirement, "by implication, those employees who do not regularly testify for the employer but are doing so in a particular case need not provide the report." Navajo Nation v. Norris, 189 F.R.D. 610, 612 (E.D. Wash. 1999).

Other courts reject this plain language interpretation, finding that it undermines "the evident purpose of promoting full pre-trial disclosure of expert information." Day v. CONRAIL, 1996 U.S. Dist. LEXIS 6596, *4 (S.D.N.Y. May 15, 1996); see also KW Plastics v. United States Can Co., 199 F.R.D. 687, 689 (M.D. Ala. 2000). Those courts have held that only a fact witness who also offers an expert opinion, like a physician, does not need to provide a written report. Day v. CONRAIL, 1996 U.S. Dist. LEXIS 6596 at *6; McCulloch v. Hartford Life & Acc. Ins. Co., 223 F.R.D. 26, 28 (D. Conn. 2004).

Here, the eight experts designated by defendants (and the one or more non-retained experts designated by plaintiffs) are neither retained nor specially employed to give expert testimony; rather, they are named defendants or employees of defendants Remend, Inc. and Silkroad Software & Services, Inc. The Court agrees with defendants that the plain language of the rule does not mandate an expert report to be produced for such non-retained experts. The Court finds, however, that allowing these individuals to testify as experts without some disclosure of their opinions, prior to trial or further deposition, would undermine the goal of full and fair discovery. Therefore, it will exercise its broad discretion to promote a fair and just result. See FRCP 26(a)(2)(B) ("Except as otherwise stipulated or directed by the court . . ."). The Court, hereby, ORDERS all parties to produce, **no later than September 6, 2005**, a statement for each non-retained expert that "contain[s] a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions." FRCP 26(a)(2)(B).

///

In the event that either side feels it must designate further rebuttal experts in light of the information contained in the statements to be provided, it shall meet and confer with the other side in an effort to resolve the extent and timing of such further designation. However, the existing schedules for motions and trial shall not be altered.

**IT IS SO ORDERED.**

Dated: August 23, 2005

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California